IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**OLIVER OTIS MCCRAY**                                                                      **PETITIONER**

**V.**                          **CASE NO. 5:13-CV-70-DCB-MTP**

**TIMOTHY OUTLAW**              **RESPONDENT**

### REPORT AND RECOMMENDATIONS

This matter is before the Court on the Petition of Oliver Otis McCray for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254 and on the Motion of Respondent Timothy Outlaw to Dismiss [10] the Petition as untimely under § 2244(d). Having considered the parties' briefs, case record, and applicable law, the undersigned recommends that the Respondent's motion be granted and that the petition be dismissed with prejudice.

### Facts and Procedural History

On April 3, 2007, Oliver Otis McCray was indicted in the Circuit Court of Wilkinson County, Mississippi, for robbery, murder, and possession of a firearm by a convicted felon. Doc. [10-1]. The indictment also charged McCray as a habitual offender. *Id*. He later pled guilty to robbery and manslaughter. Doc. [10-2]. On April 9, 2008, the Circuit Court of Wilkinson County sentenced McCray to serve a term of 15 years for robbery and 20 years for manslaughter in the custody of the Mississippi Department of Corrections ("MDOC"). *Id*. At the time he was sentenced, McCray was already incarcerated for another crime. The circuit court ordered that the new sentences would run consecutive to the prior sentence. *Id*.

McCray did not file a direct appeal.[1]  He did, however, move for reconsideration of the sentencing on April 14, 2008.  Doc. [10-3].  On June 4, 2008, after conducting a hearing, the circuit court denied the motion for reconsideration.  Doc. [10-4].  Petitioner filed a motion for post-conviction relief on October 5, 2010, in the circuit court.  Doc. [10-5] at 1-3.  The motion was denied on January 10, 2011, and the Petitioner appealed.  *Id*. at 7-10.

On July 31, 2012, the Mississippi Court of Appeals affirmed the circuit court's ruling. *See McCray v. State*, 107 So. 3d 1042, 1046 (Miss. Ct. App. July 31, 2012), *reh'g denied* (Nov. 27, 2012), *cert. denied*. (Feb. 21, 2013).  McCray moved for rehearing, and the motion was denied by the Mississippi Court of Appeals on November 27, 2012.  He then filed a petition for writ of certiorari in the Mississippi Supreme Court.  On February 21, 2013, the Mississippi Supreme Court denied certiorari.  *McCray v. State*, 107 So. 3d 998, 998 (Miss. 2013).

On April 30, 2013, McCray filed his Petition [1] for Writ of Habeas Corpus in this Court, again challenging his conviction and sentence.  In the petition, McCray asserts the following grounds for relief: (1) defective indictment; (2) ineffective assistance of counsel; (3) deprivation of constitutional rights; (4) illegal sentence; (5) involuntary guilty plea; (6) due process violations; and (7) innocence.

---

[1] At the time McCray was convicted, a prior version of Miss. Code Ann. § 99-35-101 was applicable, which provided that: "Any person convicted of an offense in a circuit court may appeal from the circuit court to the supreme court, provided, however, an appeal from the circuit court to the supreme court shall not be allowed in any case where the defendant enters a plea of guilty."  The statute was amended in 2008 and no longer allows a defendant to appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101 ("[W]here the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the [Mississippi] Supreme Court shall be allowed"); *Seal v. State*, 30 So. 3d 635, 638 (Miss. Ct. App. 2010) (stating that direct appeals of guilty pleas entered after July 1, 2008, are prohibited).

Timothy Outlaw, the respondent in this matter,[2] argues that the petition is untimely and must be dismissed under 28 U.S.C. § 2244(d).  In response, McCray filed a traverse and motion for judgment on the pleadings [11].  Although he does not specifically address the timeliness issue, he does state that no issue in this case is subject to a time bar.[3]  The remainder of his motion focuses on the merits of the petition.

The petition and motions have been fully briefed by the parties, and this matter is ripe for a ruling.

## Legal Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which applies to this case, provides that petitions for federal habeas relief must be filed within one-year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[4]  28 U.S.C. § 2244(d)(1)(A); *Manning v. Epps*, 688 F.3d 177, 182 (5th Cir. 2012). However, this time limitation is statutorily tolled during the pendency of any properly filed motions for state post-conviction relief or other collateral review related to the pertinent judgment. 28 U.S.C. § 2244(d)(2).

McCray's sentence became final on July 5, 2008.[5]   He had one year, or until July 5,

---

[2]Timothy Outlaw is the warden of Marshall County Correctional Facility, where McCray is incarcerated.  Under Rule 2(a) of the *Rules Governing Section 2254 Cases in the United States District Court*, the state officer who is custodian of a prisoner is the proper respondent.  Thus, Outlaw is the proper respondent in this case.

[3]*See* Doc. [11] at 2 ("No issue are subject to time barred [*sic*]").

[4]McCray filed his petition after the effective date of the AEDPA.  *See Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002), *cert. denied*, 537 U.S. 1104 (2003); *Lindh v. Murphy*, 521 U.S. 320, 324-26 (1997) (stating that the AEDPA applies to federal habeas corpus petitions filed on or after April 24, 1996).

[5]The Petitioner was sentenced on April 9, 2008, prior to the amendment of Miss. Code Ann. § 99-35-101.  At that time McCray was sentenced, a defendant who had been convicted

2009, to file a petition for federal habeas relief, absent statutory or equitable tolling.  McCray filed a motion for post-conviction relief in the trial court on October 5, 2010, approximately one year and three months after his conviction became final and the § 2244(d) deadline passed.  The limitations period within which a petitioner may seek federal habeas relief is tolled during the pendency of any properly filed motions for state post-conviction relief.  Here, however, the one-year limitations period under § 2244(d) expired *before* McCray moved for post-conviction relief in state court.  He did not file the instant petition until April 30, 2013, which was after the deadline expired to seek federal habeas relief.  Therefore, his claims are time-barred.

Furthermore, McCray does not argue or attempt to show that there are any rare or exceptional circumstances in this case that would warrant equitable tolling of his time-barred claims.  This Court has discretion to apply equitable tolling to the one-year limitations period under § 2244(d).  *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).  However, equitable tolling is appropriate only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)).  Federal courts should "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional

---

after pleading guilty to a crime could have appealed an illegal sentence within 30 days of the conviction. *Trotter v. State*, 554 So. 2d 313, 315 (Miss. 1989) ("an appeal from a sentence imposed pursuant to a guilty plea is not equivalent to an appeal from the guilty plea itself"); *Burns v. State*, 344 So. 2d 1189, 1190 (Miss. 1977).  McCray filed a motion to reconsider in the trial court on April 14, 2008, and his motion was denied on June 4, 2008.  The time for appeal was tolled during the pendency of the motion to reconsider.  McCray's conviction became final on July 5, 2008.  Because 30 days after June 4, 2008, would have been July 4, 2008, a legal holiday, the last day McCray could have filed his appeal was July 5, 2008.

circumstances' to justify equitable tolling." *Fisher*, 174 F.3d at 713 (quoting *Davis*, 158 F.3d at 811).

The undersigned has considered the case record and finds that there are no "rare and exceptional circumstances" present to justify equitable tolling. McCray does not argue that the Respondent or any other person actively misled him about this case, nor does he argue that he was prevented in some extraordinary way from asserting his rights. McCray maintains that no issues in this case are time-barred. Doc. [11] at 2. He does not provide a basis for this assertion, but instead focuses on the merits of his petition. It is clear from the record that he did not timely file his federal habeas petition, and he does not offer any explanation for his failure to file within the § 2244(d) limitations period. As such, he does not show that there are rare and exceptional circumstances for this Court to apply equitable tolling to his claims.

Because McCray filed his petition beyond the §2244(d) deadline and because equitable tolling does not apply, the petition is time-barred and cannot be considered by this Court. Accordingly, the Respondent's Motion to Dismiss [10] should be granted and the Petition [1] should be dismissed.

## RECOMMENDATIONS

Based on the above analysis, the undersigned recommends that the Respondent's Motion to Dismiss [10] be granted, that the Petitioner's Traverse and Motion for Judgment on the Pleadings [11] be denied, and that the Petition [1] be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules, any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may

accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      SO ORDERED, this the 31st day of January, 2014.

      **/s/MICHAEL T. PARKER**
      UNITED STATES MAGISTRATE JUDGE