IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

OLIVER OTIS McCRAY                                                PETITIONER

VS.                              CIVIL ACTION NO. 5:13-cv-70(DCB)(MTP)

TIMOTHY OUTLAW                                                    RESPONDENT

ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on the Respondent's Motion to Dismiss **(docket entry 10)**, on the Petitioner's Traverse and Motion for Judgment on the Pleadings **(docket entry 11)**, and on Magistrate Judge Michael T. Parker's Report and Recommendation **(docket entry 16)**, and the Petitioner's Objections thereto.  Having considered the pleadings, records on file, briefs and arguments of the parties, and the relevant legal authority, the Court is of the opinion that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be denied.

The Petitioner, Oliver Otis McCray ("McCray"), pled guilty to robbery and manslaughter in the Circuit Court of Wilkinson County, Mississippi.  On April 9, 2008, he was sentenced to 15 years for robbery and 20 years for manslaughter in the custody of the Mississippi Department of Corrections ("MDOC").  At the time he was sentenced, McCray was already incarcerated for another crime.  The circuit court ordered that the new sentences would run consecutive to the prior sentence.

After his motion for reconsideration and motion for post-

conviction relief in the state court were denied, McCray appealed to the Mississippi Court of Appeals which affirmed the circuit court's rulings. McCray moved for rehearing, which the Court of Appeals denied. McCray's petition for writ of certiorari with the Mississippi Supreme Court was also denied. On April 30, 2013, McCray filed his Petition for Writ of Habeas Corpus in this Court, challenging his conviction and sentence. In the petition, McCray asserts the following grounds for relief: (1) defective indictment; (2) ineffective assistance of counsel; (3) deprivation of constitutional rights; (4) illegal sentence; (5) involuntary guilty plea; (6) due process violations; and (7) innocence.

The Respondent, Timothy Outlaw, filed a motion to dismiss, arguing that the petition is untimely and must be dismissed under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d). In response, McCray filed a traverse and motion for judgment on the pleadings. The petitioner does not specifically address the timeliness issue, but does assert that no issue in his case is subject to a time bar. He mainly focuses on the merits of his petition.

In his Report and Recommendation, Magistrate Judge Parker finds that the one-year limitations period under § 2244(d) expired before McCray moved for post-conviction relief in state court. He did not file the instant petition until April 30, 2013, which was after the deadline expired to seek federal habeas relief.

2

Therefore, his claims are time-barred. In addition, Magistrate Judge Parker finds that there are no "rare and exceptional circumstances" present to justify equitable tolling. In his Objections, the petitioner attempts to show "rare and exceptional circumstances" justifying equitable tolling; he does not, however, show that he was actively misled by the respondent or any other person, nor does he show that he was prevented in some extraordinary way from asserting his rights. The Court therefore finds that the Report and Recommendation should be adopted, and that McCray's petition should be dismissed.

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge Michael T. Parker's Report and Recommendation **(docket entry 16)** is ADOPTED as the findings and conclusions of this Court;

FURTHER ORDERED that the Respondent's Motion to Dismiss **(docket entry 10)** is GRANTED;

FURTHER ORDERED that the Petitioner's Traverse and Motion for Judgment on the Pleadings **(docket entry 11)** is DENIED.

A final judgment dismissing the Petition in accordance with Rule 58 of the Federal Rules of Civil Procedure shall follow.

SO ORDERED, this the 6th day of March, 2014.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE